Mr. Justice O’Neali,
delivered the opinion of the court.
This case tm'ns upon the legal effect of the deed under which the plaintiffs claim : if that be a conveyance to the plaintiffs, and the use be not executed, then this verdict cannot stand.
It is contended, first, that the conveyance is a direct conveyance to the wife of the grantor for her life : if this be true, there can be no doubt that at law it is void ; for in such a case it is nothing more than a grant from the husband to himself. But in equity a-deed from the husband to his wife would be supported as an agree* ment to hold to the separate use of the wife, and the busbaud would thus be made her trustee. To test the objection made to the operation of the deed, it is necessary to look at it in all its parts, and to give it such a construction, that it may not conflict with the law, if that be possible. There is no form of words necessary to give effect to a deed conveying personal property in trust for the use oí another. Like most other instruments the intention when plain is to have effect. The deed conveys in the first place the property to the wife for life and after her death to the grantor’s children. If it had stopped here, it is plain that the husband’s title would have remained undivested : but in another part of the deed, *207 he says, “ and for the faithful execution of this deed, and the property therein given, as therein described, I do hereby appoint my loving sons Levi and Willaim Youmans, of the district aforesaid, trustees for my wife and remaining children ; and for the full and sure conveyance of said slave negroes as abovenamed, to be for them and their use, 1 do hereby deliver the said slave negroes, and all •property herein mentioned, into the possession of my wife, Mary Youmans, and my sons Levi and William Youmans” This part of an untechnical paper must be construed with what has gone before. The sons Levi and William are appointed trustees for the wife and remaining children. Their appointment was for the purpose of giving legal effect to the deed, for in the words of the deed, they were appointed for its “ faithful execution.” It would have had no legal effect if trustees could not take a present interest in the property. In this connection the deed may be regarded as conveying die property to them in trust lor the useof the wife and children. The subsequent w ords, “ for the full and sure conveyance of said slave negroes, abovenamed, to be for them and their use. I do hereby deliver the said negroes, and all property herein mentioned, into the possession of my wife, Mary Youmans, and my sens Levi and William Youmans,” places the matter beyond doubt. For a trust in personal property is a mere bailment, it is a delivery to one for the use of another. Jones vs. Cole, 2 Badey, 330. This being so, the delivery to the wife and trustees, was a good conveyance of the legal estate of the grantor, to them, to hold to the respective uses contained in the deed. The trustees took the legal estate by their possession, and the wife ihe equitable by her’s. The previous parts of the deed, are to be regarded as the mere declaration of the uses to which che estate was to be held.
But it is said, if this be so, the use was executed for the life of the wife, by the delivery to her, and that therefore the husband’s marital rights attached, and the property was revested in him. This, hove ever, isa mistaken view. A conveyance of land to trustees, for the use of the wife, is not executed by the statute of uses. For it is necessary to give effect to the trust, that it should not be executed. It is the preservation of the rights of the wife against those of the husband. This is more especially the case, when the husband conveys to trustees for the use of his wife. To permit the use to be executed would defeat the deed. In personal estate generally the right of property is in the trustee : he may divest himself of it by an unconditional delivery to his cestui que trust. But where the cestui que trust is a married woman her pos *208 session does not divest the legal estate of the trustee. She is regarded as holding under him, and by his permission.
Baxley, for Appellants'.
Dh Tkevillk, for Appellee.
According to these views the plaintiffs having the legal estate, could recover against a stranger, who disturbed the possession of their cestui que trust.
The motion for a new trial is therefore granted.
JOHN B. O’NEALL.
We concur,
■RICHARD GANTT,
JOSIAH J. EVANS,
J. S. RICHARDSON,
A. P. BUTLER.